**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS UNITED, | ) | |
| 1006 Pennsylvania Avenue, S.E. | ) | |
| Washington, DC 20003 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-cv-518 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, D.C. 20520 | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Citizens United brings this action against Defendant the United States Department of State ("State Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C.  Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code.  Citizens United seeks to promote social welfare through informing and educating the public on conservative ideas and positions in issues, including

national defense, the free enterprise system, belief in God, and the family as the basic unit of

society.  In furtherance of those ends Citizens United produces and distributes documentary films

on matters of public importance.  Citizens United regularly requests access to the public records

of federal government agencies, entities, and offices, to disseminate its findings to the public

through its documentary films.

4.      Defendant, the United States Department of State, is an agency of the United

States Government and is headquartered at 2201 C Street N.W., Washington, D.C. 20520.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      Citizens United routinely submits Freedom of Information Act requests and this

matter concerns two FOIA request letters that Defendant has failed to respond to.

6.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to

Citizens United's FOIA requests within twenty working days of each request.

7.      With regard to each of Citizens United's FOIA requests, the statutory deadline

has passed and Defendant has failed to provide a substantive response to either of Citizens

United's FOIA requests.  In fact, as of the date of this Complaint Defendant has failed to produce

a single responsive record or assert any claims that responsive records are exempt from

production.

8.      Between seven and ten months have passed since Defendant received Citizens

United's FOIA requests.  In that time Defendant has not indicated whether or when any

responsive records will be produced in response to either of Citizens United's requests.  Beyond

acknowledging receipt of Citizens United's FOIA requests Defendant has failed to respond to

Citizens United's requests for documents.

9.      When left to their own devices State Department bureaucrats have taken over

three years to respond to Citizens United's FOIA requests.  *See Eg*. Exhibit A (FOIA Response

Letter).  Such extensive delays are in clear violation of both the letter and the spirit of the

Freedom of Information Act.

10.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. §

552(a)(6)(A)(i) Citizens United is deemed to have fully exhausted any and all administrative

remedies with respect to its FOIA requests.  5 U.S.C. § 552(a)(6)(C).

**A.      CITIZENS UNITED'S JUNE 2, 2014 FOIA REQUEST (CHAGOURY GROUP
           CORRESPONDENCE)**

11.     On June 2, 2014 Citizens United submitted a FOIA request, online, to Defendant.

*See* Exhibit B (FOIA Request Letter and Acknowledgment).  The request sought:

> I am requesting copies of all electronic and written communication (emails, faxes,
> postal mail, etc) between officials in the U.S. State Department in Washington,
> DC or the U.S. Embassy in Abuja, Nigeria with officials within the Chagoury
> Group, a West African parent company based in Lagos, Nigeria, and the
> Chagoury Group's subsidiaries, including but not limited to: South Energyx;
> Nigeria Limited; Grands Moulins du Bénin; Port Harcourt Flour Mills; Ideal
> Flour Mills; Nigerian Eagle Flour Mills; Niger Delta Flour Mills; Tin Can Island;
> Ragolis Waters; Glassforce; Pirotech; Ideal Eagle Hospital; C & C Construction;
> ITB Construction; Hitech Construction; Fleetwood Transportation; Eko Atlantic;
> Ocean Parade; Eko Hotel; Hotel Presidential; and Courdeau Catering.

12.     Citizens United limited its request to responsive records created between January

1, 2009 and February 28, 2013.

13.     Citizens United, as a member of the media, requested expedited processing of this

FOIA request.

14.     Defendant acknowledged receipt of Citizens United's FOIA request via e-mail.

*See* Exhibit B.

15.     As of the date of this Complaint, Defendant has failed to produce any records responsive to Citizens United's June 2, 2014 FOIA request or assert any claims that responsive records are exempt from production.

**B.     CITIZENS UNITED'S AUGUST 22, 2014 FOIA REQUEST (FERNANDO CORRESPONDENCE), F-2014-15277**

16.     On August 22, 2014 Citizens United submitted a FOIA request, online, to Defendant.  *See* Exhibit C (FOIA Request Letter).  The request sought:

> Any and all correspondence, in any format, regarding, discussing, mentioning or with, Mr. Rajiv "Raj" Fernando, who is President of Chopper Trading and served as a member of the State Department's International Security Advisory Board and or between any of the following individuals: Secretary of State Hillary Clinton; Phillipe Reines, Deputy Assistant Secretary of State; Huma Abedin, Deputy Chief of Staff for the Secretary of State; Cheryl Mills, Chief of Staff; Patrick F. Kennedy, Under Secretary For Management; Dr. William Perry, Chairman of the International Security Advisory Board; Charles B. Curtis, Vice Chairman of the International Security Advisory Board; Ellen Tauscher, Under Secretary for Arms Control and International Security; Robert Einhorn, Special Adviser For Nonproliferation And Arms Control; Representatives, officials and/or reporters for ABC News, including but not limited to Brian Ross, Matthew Mosk, and Megan Churchmach; Victoria Nuland, Bureau of Public Affairs, Office of Press Relations; Patrick Ventrell, Bureau of Public Affairs, Office of Press Relations; Harold Hongju Koh, Legal Adviser of the Department of State; Richard C. Visek, Designated Agency Ethics Official, Office of Ethics and Financial Disclosure; and Kathryn Youel Page, Alternate Designated Agency Ethics Official, Office of Ethics and Financial Disclosure Please release all reasonably segregable material. Please note that any job titles provided above are intended only to help the reviewer identify the individual referenced. The scope of this FOIA is not limited to the individual(s) listed acting in an official capacity for only the job title stated, but is intended for any correspondence produced by the individuals listed acting in any capacity related to State Department business or affairs. The request for correspondence includes, but is not limited to, any and all correspondences that were used to conduct official State Department business, as well as correspondence that were of a personal nature that used a State Department e-mail address, used State Department letterhead, or utilized any State Department resources in the creation or delivery of said correspondence.

17.     Citizens United limited its request to responsive records created between April 1, 2011 and October 31, 2012.

18.     Citizens United, as a member of the media, requested expedited processing of this FOIA request.

19.     Defendant acknowledged receipt of Citizens United's FOIA request, denied the request for expedited processing, and assigned it Case Control Number F-2014-15277, in a letter dated August 28, 2014.  *See* Exhibit D (FOIA Acknowledgement Letter).

20.     As of the date of this Complaint, Defendant has failed to produce any records responsive to Citizens United's August 22, 2014 FOIA request or assert any claims that responsive records are exempt from production.

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

21.     Plaintiff realleges paragraphs 1 through 20 as though fully set forth herein.

22.     Defendant has failed to make a determination regarding Citizens United's June 2, 2014 FOIA request for records regarding correspondence with the Chagoury Group within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

23.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 2
### (Violation of FOIA, 5 U.S.C. § 552)

24.     Plaintiff realleges paragraphs 1 through 23 as though fully set forth herein.

25.     Defendant has failed to make a determination regarding Citizens United's August 22, 2014 FOIA request (F-2014-15277) for records regarding correspondence with Mr. Rajiv

"Raj" Fernando within the statutory time limit and is unlawfully withholding records requested by Citizens United pursuant to 5 U.S.C. § 552.

26.     Citizens United is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Citizens United will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

27.     WHEREFORE, Plaintiff Citizens United requests that the Court grant all appropriate relief for the violation alleged above, including:

a.     An order and judgment requiring the Defendant to conduct a search for any and all responsive records to Citizens United's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Citizens United's requests;

b.     An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Citizens United's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption;

c.     An order and judgment permanently enjoining Defendants from continuing to withhold any and all non-exempt records responsive to Citizens United's FOIA requests;

d.     Attorneys' fees and costs pursuant to any applicable statute or authority, including 5. U.S.C. § 552(a)(4)(E); and

e.     Any other relief that this Court in its discretion deems just and proper.

Dated: April 9, 2015                                        Respectfully submitted,

CITIZENS UNITED

/s/ *Ralph Christian Berg*
Ralph Christian Berg
D.C. Bar No. 496321
chris@chrisberglaw.com
1006 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 547-5420

*Attorney for Plaintiff*