IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS UNITED, <br> 1006 Pennsylvania Avenue, S.E. <br> Washington, DC 20003 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT <br> OF STATE, <br> 2201 C Street, N.W. <br> Washington, D.C. 20520 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-cv-518 (ABJ) |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Citizens United by and through its undersigned counsel respectfully moves for default judgment against Defendant, the United States Department of State ("State Department" or "DOS") pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). Specifically, Citizens United respectfully requests that the Court to enter a judgment against the State Department requiring the Defendant to conduct a search for any and all responsive records to Citizens United's Freedom of Information Act ("FOIA") requests and produce, within thirty (30) days, any and all non-exempt records responsive to those FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption. The grounds for the motion are as follows.

**Factual Background**

As alleged in the Complaint and the attached Affidavit in Support of Motion for Default Judgment (hereinafter "Bossie Affidavit") Citizens United is a non-profit organization that

regularly makes requests for public documents under the Freedom of Information Act. *See* Complaint ¶ 3; Bossie Affidavit ¶ 3.

A.   **The State Department Has Failed to Produce Documents in Response to Citizens United's FOIA Requests.**

On or about June 2, 2014 Citizens United filed a FOIA request for records of "correspondence between State Department officials and the Chagoury Group, a West African company based in Lagos, Nigeria." Bossie Affidavit ¶ 4.  In the year since Citizens United filed this FOIA request the State Department has made no discernible efforts to comply with this request beyond acknowledging its receipt.  *See* Complaint ¶¶ 14-15; Bossie Affidavit ¶ 4.  Citizens United has not received a single responsive record in response to this request. *See* Bossie Affidavit ¶ 4.  In fact, Citizens United has not received any additional correspondence from the State Department to indicate that it is making any efforts to process this request.  *See id.*

Similarly the State Department has failed to produce any responsive documents in response to Citizens United's "Freedom of Information Act request for correspondence between senior State Department officials and Mr. Rajiv "Raj" Fernando." Bossie Affidavit ¶ 5.  There have been no additional communications from the State Department and no assertions of claims that responsive records are exempt from productions.  *See id.*

Under FOIA, DOS was supposed to have produced responsive records within twenty working days of receipt of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  If there were unusual circumstances warranting additional time for producing records, DOS could have availed itself of an automatic ten day extension of time, *see* 5 U.S.C. § 552(a)(6)(B)(i), but it failed to do so.  Instead, the State Department has engaged in an unfortunate pattern of taking months if not years to begin to address the substance of Citizens United's FOIA requests.  *See* Complaint ¶¶ 8-9.

**Procedural History**

Citizens United filed its Complaint in this action on April 9, 2015 and served the State Department on April 15, 2015. R.1 (Complaint); R. 4 (Return of Service).  After the State Department failed to answer or otherwise appear in the time provided by the Rules, Citizens United filed an affidavit for default on June 3, 2015 and the Clerk entered a default against the State Department on June 4, 2015.  R. 5 (Aff. of Default); R. 6 (Entry of Default).

**Argument**

Rule 55 sets forth a two-step process for obtaining a default judgment.  First the Plaintiff must submit an Affidavit in Support of default to the Clerk.  "Once default has been entered, the first step, the plaintiff may move for default judgment." *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 945 F. Supp. 2d 81, 85 (DDC 2013.  "While default establishes the defaulting party's liability for the well-pleaded allegations of the complaint, it does not establish the amount of damages for which a defendant is liable... A court may conduct a hearing, but is not required to do so if it ensures that there is a basis for the damages specified in the default judgment." *Id.* (internal citations omitted).

Here, Citizens United is asking the Court to compel the State Department to release records in response to its FOIA requests, which is the appropriate remedy to address the State Department's failure to meet its FOIA obligations and current failure to answer or otherwise defend itself in this matter.

**A.   The Facts Pled by Citizens United and Explained Above Warrant Compelling the State Department to Comply With Its FOIA Obligations**

Rule 55(d) imposes an additional requirement on Plaintiff's seeking a default judgment against the United States, its officers or its agencies.  In such suits "[a] default judgment may be

entered . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Rule 55(d).

Citizens United respectfully asks the Court to enter default judgment against the State Department granting Citizens United relief in the form of an order compelling the State Department to comply with its obligations under FOIA. Disclosure of the records sought by Citizens United furthers the public interest and is consistent with the government transparency promoted by the Freedom of Information Act. "FOIA requires government agencies to release records upon request in order to 'ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.'" *Sea Shepherd Conservation Society v. Internal Revenue Service*, Civil Action No. 13-1422, 7 (D.D.C., March 31, 2015) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

Here, the State Department has failed to produce any documents in response to Citizens United's FOIA requests, has failed to assert any grounds for withholding responsive documents from disclosure, and has not had any additional contact with Citizens United in response to these requests. The State Department has failed to conduct a search of any sort, much less a search of the nature that is "reasonably calculated to uncover all relevant documents." *Truitt v. Department of State,* 897 F.2d 540, 542 (D.C. Cir. 1990).

When faced with an uncooperative government agency that has stonewalled its FOIA requests, Citizens United, as a last resort, filed litigation to compel the State Department to comply with its FOIA obligations. The State Department has failed to answer Citizens United's complaint or defend itself in any fashion. The court system offers the only form of redress to the

State Department's continuing failure to produce documents in response to Citizens United's requests under FOIA.

Since the State Department has failed to answer Citizens United's complaint in the time set forth under the Rules, a default judgment setting forth a production schedule is warranted.

## **Conclusion**

For the foregoing reasons the Court should enter a default judgment against the State Department that orders the agency to conduct a search for any and all responsive records to Citizens United's FOIA requests and produce, within thirty (30) days, any and all non-exempt records responsive to those FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption.

Dated: June 4, 2015                                  Respectfully submitted,

CITIZENS UNITED

/s/ *Ralph Christian Berg*
Ralph Christian Berg
D.C. Bar No. 496321
chris@chrisberglaw.com
1006 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 547-5420

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 4, 2015, I filed the foregoing document with the Clerk of Court via the CM/ECF system, and mailed copies via certified mail on the Defendant, the U.S. Attorney for the District of Columbia, and the U.S. Attorney General.

                                                        /s/ *Ralph Christian Berg*
                                                        Ralph Christian Berg