IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITENS UNITED,<br>1006 Pennsylvania Avenue, S.E.<br>Washington, DC 20003 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. 15-cv-518 (ABJ) |
| v. | )<br>) | |
| UNITED STATES DEPARTMENT<br>OF STATE,<br>2201 C Street, N.W.<br>Washington, D.C. 20520 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

### PLAINTIFF'S WITHDRAWAL OF MOTION FOR DEFAULT JUDGMENT AND REPLY TO DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND DEFENDANT'S MOTION TO RESPOND *NUNC PRO TUNC*

In its Motion for Default Judgment, Citizens United argued that the harms inflicted by the failure of the United States Department of State ("State Department") to timely respond to Citizens United's Freedom of Information Act ("FOIA") requests were being compounded by the State Department's failure to file a timely response to the Complaint in this lawsuit.

1. As thoroughly documented in the Complaint and Motion for Default Judgment, Citizens United's FOIA requests were filed in June and August of 2014. R.1 (Complaint); R.7 (Motion for Default Judgment). After months of waiting for some sort of response from the abyss that is the State Department, Citizens United filed suit. The defendant was properly served on April 15, 2015. *See* R.4 (Return of Service). Over two months have now passed since this litigation commenced.

2. The Clerk entered a default against the defendant on June 4, 2015. R.6 (Entry of Default). Following the Court's entry of a Minute Order directing "plaintiff to either hand-

deliver or email with a read receipt a copy of the Motion for Default Judgment [Dkt. # 7] and accompanying materials to the Chief of the Civil Division of the U.S. Attorney's Office for the District of Columbia" plaintiff complied with the Court's order and contacted the Chief of the Civil Division.  Though the U.S. Attorney's Office is not representing the defendant in this matter they were helpful in establishing contact with counsel at the Department of Justice who have now entered an appearance in this case.

3. The defendant filed a Motion to Vacate Clerk's Entry of Default and Opposition to Plaintiff's Motion for Entry of Default and a Motion for Extension of Time to Respond *Nunc Pro Tunc* accompanied by their Answer in this case on June 16, 2015.  R.8 (Motion to Vacate); R.9 (Motion for Extension of Time).

4. In responding to Plaintiff's Motion for Default Judgment, the State Department conceded that it failed to respond to this Complaint "due to an apparent administrative error."  It further admitted that the State Department "has not yet conducted its search for records responsive to plaintiff's request."  These telling acknowledgments are emblematic of the system-wide failure of the State Department to timely process and respond to FOIA requests.

5. Unfortunately the defendant's response also attempts to shift blame to Citizens United for the State Department's failure to file a timely response in this lawsuit.  The defendant argues that had Citizens United contacted individual attorneys within the Civil Division of the Department of Justice the government may have been able to remedy their default earlier.  In effect, the State Department seeks to impose an additional duty on the plaintiff to ensure that the government timely responds to a properly served document.  The imposition of this sort of heightened standard would only serve to place Citizens United and similarly situated plaintiffs at a further disadvantage in their efforts to obtain public documents from the federal government.

In short, the government is wholly responsible for its default in this case and the accompanying delay caused by that default.

## CONCLUSION

The interest of justice in this case will not be further served by continuing to argue over defendant's failure to timely respond to this litigation.  Ultimately this lawsuit is an effort to compel the State Department to respond to Citizens United's FOIA requests, and further argument over the State Department's default does not advance that interest.  With the State Department having now filed an Answer in this matter Citizens United does not oppose vacating the Clerk's entry of default or Defendants' Motion for Extension of Time to Respond *Nunc Pro Tunc*, and respectfully withdraws its Motion for Default Judgment in hopes that the parties can work together to set a timetable for production of responsive records in this matter.

Dated: June 16, 2015

Respectfully submitted,

CITIZENS UNITED

/s/ *Ralph Christian Berg*
Ralph Christian Berg
D.C. Bar No. 496321
chris@chrisberglaw.com
1006 Pennsylvania Avenue, S.E.
Washington, DC 20003
(202) 547-5420

*Attorney for Plaintiff*